IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

A.C., a minor, by and through R.C., )
as parent and next friend, )
 )
       Plaintiff, )
 )
v. ) Civil Action No. 3:22-cv-336–HEH
 )
HENRICO COUNTY SCHOOL BOARD, )
 )
       Defendant. )

## MEMORANDUM OPINION
### (Denying Plaintiff's Motion to Dismiss)

This matter comes before the Court on a Motion to Dismiss (the "Motion") filed by Plaintiff A.C., a minor, by and through R.C., as parent and next friend ("Plaintiff" or "A.C.") on September 6, 2022. (ECF No. 32.) Plaintiff's Motion asks the Court to dismiss the Counterclaim (ECF No. 29) filed by Defendant Henrico County School Board ("Defendant" or "School Board"). (Pl.'s Mem. in Supp. at 1, ECF No. 34.)

Defendant's Counterclaim is pursuant to Federal Rule of Civil Procedure 13 and the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(2) and seeks reversal of the Hearing Officer's October 25, 2021 decision to the extent the decision was adverse to Defendant by finding that Defendant did not provide Plaintiff with a Free and Appropriate Public Education (FAPE). (Answer and Countercl. at 23, ECF No. 29.) Plaintiff's Motion to Dismiss appears to assert two combined arguments: (1) Plaintiff's Counterclaim is untimely because this is a 20 U.S.C. 1415(i)(2)(A) case; and (2) this Court does not have subject matter jurisdiction over the Counterclaim. (Pl.'s Mem. in

Supp. at 2.) Specifically, Plaintiff asserts that Defendant's Counterclaim is untimely because "a compulsory counterclaim relates back to the time of the filing of the plaintiff's complaint" so the Court does not have jurisdiction over the Counterclaim and if the Court were to rule on the Counterclaim it would be "grossly unfair" to Plaintiff. (*Id.* at 2–3.)

The parties have submitted memoranda in support of their respective positions and Plaintiff's Motion is now ripe for review.[1] The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. Rule 7(J). For the reasons that follow, Plaintiff's Motion to Dismiss will be denied.

## I.  BACKGROUND

Plaintiff filed for a due process hearing under IDEA on March 26, 2021, alleging that Defendant had not provided her with a FAPE. (Notice of Removal, Ex. A ¶ 122, ECF No. 1-2.) The administrative hearing to adjudicate the claim was conducted virtually over the course of eight (8) days, spanning two months: June 14–17, 2021; June 23–24, 2021; June 30, 2021; and July 14, 2021. (Answer and Countercl. at 23.) In a brief, one-paragraph opinion, the Hearing Officer stated that Plaintiff's evidence was "the most credible and the burden of proof has been satisfied."[2] (*Id.* at 30.) The Hearing Officer further said that "the student and her parents are the prevailing party." (*Id.*) However, despite that ruling, the Hearing Officer denied and dismissed Plaintiff's

---

[1] Plaintiff failed to file a Reply to Defendant's Memorandum in Opposition regarding Plaintiff's Motion to Dismiss, however, the Court will nonetheless rule on this Motion.

[2] The Hearing Officer signed the opinion on October 25, 2021, but also stated, "SO ORDERED. Nunc pro tunc the 23rd of October, 2021."

requests for damages, including damages for reimbursement for compensatory damages, special education, and related services. (*Id.*)

After exhausting the administrative remedies process, Plaintiff brought two claims against Defendant in the Circuit Court for the County of Henrico on March 22, 2022. (Notice of Removal, Ex. A ¶¶ 128–134.) Plaintiff asserted one claim under the IDEA, 20 U.S.C. § 1400, *et seq.* (Count I), and another claim under the Rehabilitation Act, 29 U.S.C. § 794(a) (Count II). (*Id.*) Defendant moved to dismiss both claims. (Def.'s First Mot. to Dismiss at 1, ECF No. 3.) This Court denied Defendant's Motion to Dismiss as to Count I and granted the Motion as to Count II, with leave for Plaintiff to file an Amended Complaint as to Count II. (Order at 1, ECF No. 22.)

Plaintiff then filed an Amended Complaint on July 25, 2022, and realleged both Count I and Count II. (Am. Compl. at 22, ECF No. 23.) Defendant again moved to dismiss Count II (Def.'s Second Mot. to Dismiss at 1, ECF No. 24), which this Court granted (Order at 1, ECF No. 36). Thus, Count I—the IDEA claim—became the only remaining claim in this case. As to Count I in the Amended Complaint, Plaintiff had argued that the "hearing officer's decision was not regularly made because after the hearing officer determined that Henrico County could not provide a [FAPE], he determined that there was no evidence that a private placement would benefit the child." (Am. Compl. at 22.) Before the Court ruled on Defendant's Second Motion to Dismiss, and within 21 days of Plaintiff's Amended Complaint, Defendant filed its Answer on August 15, 2022. The Answer included a Counterclaim. (Answer and Countercl. at 23.)

3

Defendant's Counterclaim seeks reversal of the Hearing Officer's decision to the extent that it was adverse to Defendant. (*Id.* at 32.) Defendant asserts that the "Hearing Officer committed various procedural errors during the course of the hearing and his subsequent decision-making" and "[t]hese errors yielded a substantive result that was flawed" to the extent that the decision was adverse to Defendant. (*Id.*) Plaintiff then filed the instant Motion alleging that Defendant's Counterclaim is untimely and that this Court does not have jurisdiction over it.

## II. STANDARD OF REVIEW

Plaintiff's Motion fails to clearly articulate which statutes or laws it relies upon, nor does it articulate a discernable standard of review. Thus, before addressing the standard of review that guides this Court's decision-making, the Court will first distill Plaintiff's argument.

Plaintiff's Motion appears to assert that the Counterclaim is untimely and thus this Court does not have subject matter jurisdiction over it. On one hand, Plaintiff appears to claim that Defendant's Counterclaim is an untimely compulsory counterclaim under the Federal Rules of Civil Procedure. (Mem. in Supp. at 2.) Yet on the other hand, Plaintiff seems to assert that Defendant's Counterclaim is untimely because it is based on 20 U.S.C. § 1415(i)(2)(A) and should have been filed within 90 days of the filing of Plaintiff's original claim, pursuant to the United States Court of Appeals for the Fourth Circuit case, *Kirkpatrick v. Lenoir County Board of Education*, 216 F.3d 380, 383 (4th Cir. 2000). As such, the Court will address the standard of review as it pertains to both

4

Federal Rule of Civil Procedure 12(a) and 13(a) and § 1415(i)(2)(A) cases as articulated in *Kirkpatrick*.

### A. Federal Rule of Civil Procedure 13(a)

Federal Rule of Civil Procedure 13(a) states:

> "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against the opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."

Counterclaims must be brought with the original Answer, *see id.*, and "[a] defendant must serve an answer . . . within 21 days," Fed. R. Civ. P. 12(a)(1)(A). Thus, a counterclaim that is not filed within 21 days is untimely and thus must be dismissed.

### B. 20 U.S.C. § 1415(i)(2)(A) and *Kirkpatrick*

In the context of IDEA cases, "[a]ny party aggrieved by the findings and decision [of a Hearing Officer] . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section[.]" 20 U.S.C. § 1415(i)(2)(A). Subsection 1415(i)(2)(B) states that "the party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such action[.]" *Id.* § 1415(i)(2)(B).

In *Kirkpatrick*, the Fourth Circuit explicitly held that an action filed in federal court pursuant to the IDEA is an original action and thus the Federal Rules of Civil Procedure determine the timeliness of any counterclaim filed by the defendant. 216 F.3d at 387–88 ("Pursuant to the Federal Rules, civil actions are initiated by a complaint and responded to by an answer, counterclaim, or motion to dismiss."). Counterclaims relate back to the time of the filing of the complaint. *Id.*

## III. ANALYSIS

As highlighted by Defendant's brief, Plaintiff brought this action under the IDEA and so the Federal Rules of Civil Procedure determine the timeliness of a counterclaim filed by the defendant. *See Kirkpatrick*, 216 F.3d at 387–88. Defendant timely removed this matter to federal court, timely filed a Rule 12 motion in response to the original complaint, timely filed another Rule 12 motion in response to the Amended Complaint, and timely filed its Answer and Counterclaim following entry of a consent order (ECF No. 27) that allowed the filing of a counterclaim on August 15, 2022. Defendant filed its Counterclaim within 21 days of Plaintiff filing her Amended Complaint. *See* Fed. R. Civ. P. 12(a); Fed. R. Civ. P. 13(a). Under the Federal Rules of Civil Procedure, Defendant had no duty to file its Answer and Counterclaim on any date earlier than it did. Accordingly, Defendant's compulsory Counterclaim was timely and Plaintiff's Motion to Dismiss (ECF No. 32) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 13, 2022
Richmond, Virginia

6